Ana **RODRIGUEZ**, Plaintiff, Appellant,

v.

**AMERICAN LAUNDRY MACHINERY, INC.**, Defendant, Appellee.

No. 89–1044.

United States Court of Appeals, First Circuit.

Submitted May 5, 1989.

Decided July 7, 1989.

Robert P. DiGrazia and the Law Offices of Robert E. Weiner, Boston, Mass., on brief, for plaintiff, appellant.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

The plaintiff, Ana Rodriguez, sued in Massachusetts state court for personal injuries received when a linen press machine allegedly designed, manufactured, equipped, sold and distributed by the defendant caught plaintiff's hair and person. Her action was based on allegations of negligence and breach of warranties. Both parties agree that the cause of action, if one existed, accrued on December 5, 1984. Both parties agree that the applicable statute of limitations (in this removed action) was the three year provision of Mass.Gen. Laws Ann. ch. 260, § 2A (West Supp.1988).

> Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be *commenced* only within three years next after the cause of action accrues. (Emphasis added.)

The defendant moved to dismiss because the complaint was *filed* on December 9, 1987, more than three years from the date plaintiff's cause of action accrued. The district court granted the motion to dismiss.

The plaintiff has appealed. The defendant has expressly waived the filing of a brief. For the reasons which follow, we vacate and remand to the district court.

Massachusetts Rules of Civil Procedure 3 states in pertinent part:

A civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk.

In her opposition to the motion to dismiss on statute of limitations grounds, the plaintiff stated that she mailed her complaint with the requisite entry fee by certified mail to the state superior court on December 4, 1987 in compliance with the procedure for commencing a suit as outlined in option (1) of Rule 3 and thus within the three year statute of limitations. In addition, the plaintiff submitted 3 exhibits. Exhibit A is a copy of the cover letter to the superior court dated December 4, 1987. That cover letter references an enclosed complaint, cover sheet, check for filing fee in the amount of $55 and a postcard. The letter requested that the docket number of the newly-filed case be marked on the postcard and the postcard returned to counsel's office. Exhibit B is the postcard. It bears the caption of Ana Rodriguez v. American Laundry Machine, Inc. and states "I hereby acknowledge receipt of the following: 1) complaint, 2) cover sheet, 3) check ($55.00)." It is initialed above the space for "Clerk, Suffolk Sup. Court" and bears a stamped docket number. On the other side of the postcard is counsel's address and, (we think significantly), a postmark of December 4, 1987. Plaintiff stated in her opposition to the motion to dismiss that it was meter stamped December 4, 1987 by the office of plaintiff's counsel. We interpret this to mean that the postcard was sent out postage pre-paid and that it was sent out on December 4, 1987. Exhibit C is the certified mail return receipt showing a delivery date of December 9, 1987.

Presented with these submissions, especially Exhibit B, we are at a loss to comprehend the basis for the district court's unexplained decision to dismiss, nonetheless, on a statute of limitations ground. It may be that the district court disbelieved the averment that the required material was sent by certified mailing on December 4, 1987.

But it did not say so and we do not readily find on this evidence any reason to support such a disbelief. And the appellee, in declining to file a brief, provides no grounds to question the verity of the statement. If the requisite material was mailed to the clerk of the superior court by certified mail on December 4, 1987, as appears the case, then it further appears that the civil action was timely commenced pursuant to Rule 3 and within the statute of limitations period.

Because we are unable to determine the basis for the district court's grant of dismissal on statute of limitations grounds, we vacate and remand to the district court for further proceedings. This remand is without prejudice to dismissal once again on statute of limitations grounds if, for reasons yet to be explained, the district court remains convinced that such a disposition is legally correct.

*Vacated and remanded.*